IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLIN SMITH | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. |
| | ) |
| BAE SYSTEMS LAND & | ) |
| ARMAMENTS, L.P. | ) |
| | ) |
| Defendant. | ) |
| | ) |

_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Colin Smith (hereinafter, "Plaintiff") moves the Court for entry of judgment in his favor against the named Defendants and in support of such Complaint avers as follows:

**PARTIES, JURISDICTION AND VENUE**

1. This Honorable Court has jurisdiction pursuant to 28 U.S.C. §1331 as this case arises under and pursuant to federal law specifically, the Family Medical leave Act, the Americans with Disabilities Act of 2008 (hereinafter, "ADA"). Moreover, this Honorable Court has jurisdiction over Plaintiff's state law claims to the extent that he pleads them pursuant to 28 U.S.C. §1367.

1

2. Venue lies within the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391(b) (2) as the facts and occurrences, acts and/or omissions, and incidents and/or actions alleged herein took place within this judicial district.

3. Plaintiff brings this action against his former employer, BAE Systems Land & Armaments, L.P., ("BAE"). BAE is a Pennsylvania company located at 1100 Bairs Rd., York, Pennsylvania 17408.

4. Plaintiff Colin Smith ("Plaintiff") is an adult male who, at all relevant times hereto, resides in the Commonwealth of Pennsylvania, York County, and was employed by BAE.

## UNDERLYING FACTS

5. Plaintiff is a 42-year-old, disabled male who worked for BAE at $55 an hour, 40 hours a week plus benefits in IT Cyber Security DevOps Analyst from July 2007 until his termination on June 19, 2020.

6. During Plaintiff's tenure with BAE, he had 4 different managers (over a 13-year span) and had never been given a poor or negative performance review as well as receiving multiple awards and accolades from managers and project teams for his skills, efforts, and professionalism.

7. April – July 2018, Plaintiff took Family Medical Leave (hereinafter "FMLA") due to depression and anxiety.

8. These serious health conditions effected the major life activities of sleeping, work, thinking and concentration.

9. Upon Plaintiff's return in July 2018, his colleague, Deb Gantz, made Plaintiff feel like he should not have taken time off for his mental breakdown and expressed to Plaintiff that she felt he was lazy and not on task.

10. In January 2020, Ms. Gantz discussed Plaintiff's future with BAE as a potential manager. However, Plaintiff wished to continue his work level as an engineer due to his anxiety and stress.

11. In January 2020, Tad Wilson, Plaintiffs Direct Supervisor, left the company, and Ms. Gantz was promoted from being Plaintiff's colleague to his supervisor/director. Ms. Gantz and Plaintiff then discussed his potential future as a manager. However, Plaintiff, still having been on FMLA for his underlying mental health issues prior to this discussion, and only having recently come off FMLA, told Ms. Gantz that he would like to continue working at the level of an engineer and not a manager due to the stress. At this point, Ms. Gantz, upset by his choice, made it clear that this would mean extra work for her. Thereafter, Plaintiff's mental health issues continued to become the subject of conversations at various times.

12. Thereafter, in February/March 2020, Plaintiff received a positive annual review from BAE as well as his annual yearly raise for good performance.

13. Despite Plaintiff's positive review and raise, it was at this time that Ms. Gantz began commenting on what she viewed to be Plaintiff's poor performance and inserted herself into his work at a level that made it difficult for him to do his job. Plaintiff avers that this was due, in large part, to his continuing need to treat for his mental health issues and to remain in a non-management position due to the stress.

14. In April 2020, Ms. Gantz furloughed Plaintiff due to the COVID-19 Pandemic but he was quickly returned from furlough the very next day after upper-level management found out that he was a crucial member of one of their highest priority projects at that time entitled "Access Request Systems Upgrade."

15. Thereafter, Ms. Gantz insisted that Plaintiff focus entirely on the high priority project and so he poured all his time and effort into the project. Accordingly, he delegated anything else noncritical to other members of the IAM and DevOps team.

16. In May 2020, Ms. Gantz, without warning or review, placed Plaintiff on a 45-day improvement plan (PIP). Ms. Gantz wrote Plaintiff up for missing a performance review one morning, however, Plaintiff was not aware because Plaintiff had been working all morning along with a database administrator to complete a major milestone for the high priority project.

17. On June 18, 2020, Plaintiff completed the Access Request Systems Upgrade project. On June 19, 2020, Ms. Gantz notified Plaintiff that he was being terminated one day after he completed the high priority project.

18. Plaintiff avers that his termination was due to his health issues as his anxiety and depression were a topic of many of his discussions with Ms. Gantz. Further, he was terminated prior to the expiration of his PIP and after he has successfully completed the Access Request Systems Upgrade project.

19. Further, Plaintiff avers that Ms. Gantz made the conditions of his work so manifestly intolerable and hostile during the last few months of his employment due to the frequent discussions regarding his health (saying, *inter alia*, you're lazy, and demeaning him due to his health issues) as well as due to his decision not to accept a management role for that reason. Additionally, while he was trying to convalesce and continue treating for his serious health conditions and because of his need for periodic medical leave.

20. Subsequently, Plaintiff filed a Dually Filed Charge with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") November 13, 2020, docketed as 530-2021-00744C which was dismissed by the EEOC on July 28, 2021 (see Exhibit A).

21. The Defendants' actions or inaction are of a continuing nature thus they fall under the doctrine of a continuing violation theory.

22. BAE is responsible/liable for the actions of its agents under a theory of *Respondeat Superior*.

## COUNT 1
## PHRA DISABILITY DISCRIMINATION

23. Plaintiff incorporates herein the previous averments as if fully set forth.

24. The Plaintiff is a qualified individual with a disability under the PHRA due to his anxiety, depression, and Defendants' notice of the same.

25. The Plaintiff had a record of disability and/or was regarded as disabled by the Defendants.

26. The PHRA prohibits discrimination in the workplace against employees who have, *inter alia*, sought assistance for an accommodation in the workplace.

27. Plaintiff requested an accommodation pursuant to state and federal law, i.e., medical leave intermittent leave due to treating for anxiety and depression.

28. Defendant failed to accommodate Plaintiff's disability and instead, it disciplined him when he sought leave for medical reasons related to his disability.

**WHEREFORE**, Plaintiff prays that this Honorable Court will order all appropriate relief pursuant to PHRA and any other applicable statutory remedies including but not limited to: monetary relief for the Plaintiff, including as applicable compensatory damages including wage loss, pain and suffering and all reasonable attorney's fees and costs of litigation.

## COUNT 2
## PHRA DISABILITY-HOSTILE WORK ENVIRONMENT

29. Plaintiff incorporates herein the previous averments as if fully set forth.

30. The Plaintiff avers that he is a qualified individual with a disability under the PHRA due to his anxiety and depression and Defendant's notice of the same. Additionally, the Plaintiff has been under a physician's care for his disabilities since he was diagnosed.

31. The Plaintiff was subject to unwelcomed harassment after he sought disability accommodations from 2018-2020.

32. Further, the harassment was sufficiently severe or pervasive as to alter the conditions of Plaintiff's employment and to create an abusive and hostile working environment because the Plaintiff was harassed due to his medical and mental health conditions when his co-workers and supervisor would demean him calling in such things as "lazy" because he sought treatment, medical leave and to stay in a less stressful position.

33. Defendant knew, or reasonably should have known of the harassment, and failed to take prompt, effective remedial action, instead taking adverse action against the Plaintiff, further disciplining, and berating him due to his conditions.

34. The fact that the Plaintiff's supervisor was a perpetrator of the harassment and discrimination entitles the Plaintiff to strict liability for his claims.

**WHEREFORE**, Plaintiff prays that this Honorable Court will order all appropriate relief pursuant to PHRA and any other applicable statutory remedies including but not limited to: monetary relief for the Plaintiff, including as applicable compensatory damages including wage loss, pain and suffering and all reasonable attorney's fees and costs of litigation.

## COUNT 3
## PHRA DISABILITY RETALIATION

35. Plaintiff incorporates herein the previous averments as if fully set forth.

36. The PHRA prohibits retaliation in the workplace against employees who have, *inter alia*, sought assistance for an accommodation in the workplace or to have otherwise opposed practices made unlawful under the law.

37. The Plaintiff's requests for an accommodation in the workplace constituted "protected activity" pursuant to state and federal law.

38. Defendant retaliated against the Plaintiff on account of his protected activity when it disciplined him after he sought medical leave accommodations related to his disability and after he opposed harassment and bullying.

39. Furthermore, Plaintiff avers that the Defendant's purported basis to discipline him (e.g., performance deficiencies, PIP) is false and erroneous and a pretext for underlying invidious reasons.

40. As a result, the Plaintiff avers that the Defendant retaliated against him on account of his protected activity by imposing discipline and discharging him without justification.

**WHEREFORE**, Plaintiff prays that this Honorable Court will order all appropriate relief pursuant to PHRA and any other applicable statutory remedies including but not limited to: monetary relief for the Plaintiff, including as applicable compensatory damages including wage loss, pain and suffering and all reasonable attorney's fees and costs of litigation.

## COUNT 4
## ADA DISABILITY DISCRIMINATION

41. Plaintiff incorporates herein the previous averments as if fully set forth.

42. The Plaintiff is a qualified individual with a disability under the PHRA due to his anxiety, depression, and Defendants' notice of the same.

43. The Plaintiff had a record of disability and/or was regarded as disabled by the Defendants.

44. The ADA prohibits discrimination in the workplace against employees who have, *inter alia*, sought assistance for an accommodation in the workplace.

45. Plaintiff requested an accommodation pursuant to state and federal law, i.e., medical leave intermittent leave due to treating for anxiety and depression.

46. Defendant failed to accommodate Plaintiff's disability and instead, it disciplined him when he sought leave for medical reasons related to his disability.

**WHEREFORE**, Plaintiff prays that this Honorable Court will order all appropriate relief pursuant to ADA and any other applicable statutory remedies including but not limited to: monetary relief for the Plaintiff, including as applicable compensatory damages including wage loss, pain and suffering and all reasonable attorney's fees and costs of litigation.

## COUNT 5
## ADA DISABILITY-HOSTILE WORK ENVIRONMENT

47. Plaintiff incorporates herein the previous averments as if fully set forth.

48. The Plaintiff avers that he is a qualified individual with a disability under the ADA due to his anxiety and depression and Defendant's notice of the same. Additionally, the Plaintiff has been under a physician's care for his disabilities since he was diagnosed.

49. The Plaintiff was subject to unwelcomed harassment after he sought disability accommodations from 2018-2020.

50. Further, the harassment was sufficiently severe or pervasive as to alter the conditions of Plaintiff's employment and to create an abusive and hostile working environment because the Plaintiff was harassed due to his medical and mental health conditions when his co-workers and supervisor would demean him calling in such things as "lazy" because he sought treatment, medical leave and to stay in a less stressful position.

51. Defendant knew, or reasonably should have known of the harassment, and failed to take prompt, effective remedial action, instead taking adverse action against the Plaintiff, further disciplining, and berating him due to his conditions.

52. The fact that the Plaintiff's supervisor was a perpetrator of the harassment and discrimination entitles the Plaintiff to strict liability for his claims.

**WHEREFORE**, Plaintiff prays that this Honorable Court will order all appropriate relief pursuant to ADA and any other applicable statutory remedies including but not limited to: monetary relief for the Plaintiff, including as applicable compensatory damages including wage loss, pain and suffering and all reasonable attorney's fees and costs of litigation.

## COUNT 6
## ADA DISABILITY RETALIATION

53. Plaintiff incorporates herein the previous averments as if fully set forth.

54. The ADA prohibits retaliation in the workplace against employees who have, *inter alia*, sought assistance for an accommodation in the workplace or to have otherwise opposed practices made unlawful under the law.

55. The Plaintiff's requests for an accommodation in the workplace constituted "protected activity" pursuant to state and federal law.

56. Defendant retaliated against the Plaintiff on account of his protected activity when it disciplined him after he sought medical leave accommodations related to his disability and after he opposed harassment and bullying.

57. Furthermore, Plaintiff avers that the Defendant's purported basis to discipline him (e.g., performance deficiencies, PIP) is false and erroneous and a pretext for underlying invidious reasons.

58. As a result, the Plaintiff avers that the Defendant retaliated against him on account of his protected activity by imposing discipline and discharging him without justification.

**WHEREFORE**, Plaintiff prays that this Honorable Court will order all appropriate relief pursuant to ADA and any other applicable statutory remedies including but not limited to: monetary relief for the Plaintiff, including as applicable compensatory damages including wage loss, pain and suffering and all reasonable attorney's fees and costs of litigation.

## COUNT 7
## FAMILY AND MEDICAL LEAVE ACT INTERFERENCE

59. Plaintiff incorporates herein the previous averments as if fully set forth.

60. During Plaintiff's employment with Defendant, Plaintiff experienced anxiety and depression due to pre-existing conditions, stress at work and exacerbations of the same due to workplace harassment.

61. Plaintiff's health condition was also exacerbated by hostilities he experienced at work after reporting said harassment to his direct supervisor.

62. Plaintiff's medical conditions required treatment by a health care provider.

63. Plaintiff's medical conditions constitute a "serious health condition" as that term is defined under and pursuant to the FMLA.

64. Defendants were provided with sufficient information to reasonably verify that Plaintiff required treatment by a health care provider for his serious health conditions.

65. At all relevant times, Plaintiff had been employed by the Defendants for at least 12 months and at least 1,250 hours of service during the 12-month period immediately preceding the notice of his need for FMLA.

66. At all relevant times, the Defendants employed 50 or more employees within 75 miles of Plaintiff's worksite for a period of 20 or more calendar work weeks.

67. Accordingly, at all times material to this Complaint, the Defendants were a "covered employer" within the meaning of the FMLA and Plaintiff was an "eligible employee" within the meaning of the FMLA.

68. Plaintiff's medical leave of absence in 2018-2020 were protected absences under the FMLA and its regulations.

69. Instead, Defendant and its agents disciplined Plaintiff after he sought leave and workplace accommodations.

70. The Defendant was required to communicate with the Plaintiff regarding his rights under the FMLA including but not limited to the provision of an individualized notice to employees regarding FMLA rights and obligations.

71. From 2018-2020, Plaintiff provided proper notice of his need for FMLA leave on account of his serious medical conditions.

72. Defendants failed to provide Plaintiff his entitled FMLA leave of absence without discrimination, harassment, and retaliation.

73. Instead, Defendant interfered with Plaintiff's FMLA once he made it known of his need for leave and workplace accommodations, and ultimately, discharged Plaintiff from his job.

74. Defendants possessed no good faith legitimate basis for its actions, or discharge of Plaintiff's employment.

75. The discipline and discharge of the Plaintiff's position in conjunction with his request for FMLA constitutes an adverse employment action.

76. Defendants interfered with Plaintiff's rights under the FMLA in one or more ways including but not limited to the following:

    a. Discouraging Plaintiff from utilizing FMLA, including but not limited to disciplining him and discharging him after he sought assistance for his serious medical conditions.

77. Defendants' acts and omissions and conduct as more fully described above were knowing and willful.

78. Defendants' acts and omissions, as more fully described above, were performed in bad faith and without a reasonable basis, thereby rendering

Defendants liable for liquidated damages pursuant to the FMLA, and claim is made, therefore.

79. As a result of Defendants' violations of the FMLA, as more fully described above, Plaintiff is entitled to back pay and wages together with interest thereon pursuant to the FMLA, and claim is made, therefore.

80. As a result of Defendants' violations of the FMLA, as more fully described above, Plaintiff is entitled to be reinstated to his position, or to front pay and benefits pursuant to the FMLA, and claim is made, therefore.

81. Plaintiff is further entitled to recover his attorney fees, expert witness fees, and other costs related to the instant matter pursuant to the FMLA, and claim is made, therefore.

## COUNT 8
## FAMILY AND MEDICAL LEAVE ACT RETALIATION

82. Plaintiff incorporates all previous paragraphs as though fully set forth at length.

83. From 2018-2020, Plaintiff attempted to exercise his rights under FMLA.

84. The FMLA and regulations promulgated thereunder prevent an employer from discriminating against employees who have exercised rights and/or taken FMLA leave. 29 U.S.C. §2615(a) (2); 29 C.F.R. §825.220(c).

85. Defendants willfully violated the FMLA, and regulations promulgated thereunder in that it disciplined and discharged, the Plaintiff because of his attempt to use FMLA leave, including but not limited to the following:

    a. Unreasonably withholding approval and/or authorization of Plaintiff's request for medical leave.

    b. Failing to effectively communicate with Plaintiff regarding the status of his FMLA requests and need for treatment.

    c. Failing to follow normal procedures with respect to the processing of a leave request pursuant to the FMLA.

    d. Failing to provide timely written notices to Plaintiff as required by the FMLA and regulations promulgated thereunder.

    e. Discouraging Plaintiff from utilizing FMLA, including but not limited to disciplining and discharging him after requests for assistance.

    f. Denying Plaintiff's reinstatement and/or restoration that Plaintiff would have been entitled to under the FMLA.

    g. Discharging Plaintiff's employment without cause.

    h. Discharging Plaintiff's employment without cause to deprive him of FMLA leave for treatment.

    i. Denying Plaintiff's health and other fringe benefits to which he was entitled throughout the duration of his FMLA leave.

86. Defendants willfully violated Section 29 U.S.C. §2615(a)(2) in that it discharged, discriminated, and/or retaliated against Plaintiff as a result of his use of FMLA leave or attempt to use FMLA leave, as more fully set forth above.

87. Defendants' acts and omissions, and conduct as more fully described above, were knowing and willful.

88. Defendants' acts and omissions, as more fully described above, were performed in bad faith and without a reasonable basis thereby rendering Defendants liable for liquidated damages pursuant to the FMLA, and claim is made therefor.

89. As a result of Defendants' violation of the FMLA, as more fully described above, Plaintiff is entitled to back pay and wages together with interest thereon pursuant to the FMLA, and claim is made therefor.

90. As a result of Defendants' violations of the FMLA, as more fully described above, Plaintiff is entitled to be reinstated to his position, or to front pay and benefits, pursuant to the FMLA, and claim is made therefor.

91. Plaintiff is further entitled to recover his attorney fees, expert witness fees, and other costs related to the instant matter pursuant to the FMLA, and claim is made therefor.

92. The demotion and discharge of Plaintiff's employment constitutes an adverse employment action.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that the Court grant relief on his Causes of Action as specified below.

93. The Plaintiff prays that the Court award monetary relief as follows:

94. On his Causes of Action, order Defendants to pay equitable monetary relief and compensatory damages to the Plaintiff as are asserted under the ADA and/or PHRA, where and as applicable, and in an amount to be proven at trial.

95. The Plaintiff prays that the Court award him costs, expenses, and attorneys' fees, payable by Defendants where and as applicable, by determining that the Plaintiff is a prevailing party on his Causes of Action and thereupon awarding the Plaintiff his reasonable costs, expenses, and attorneys' fees incurred in bringing this action under applicable statutory language.

96. Further, the Plaintiff prays that the Court award monetary relief as follows:

97. The Plaintiff prays that the Court order to pay pre- and post-judgment interest in all monetary amounts awarded in this action, as provided by law.

98. The Plaintiff prays that the Court retain jurisdiction of this case for a sufficient period to assure that the Defendants have fully complied with the remedies to the greatest extent practicable.

99. The Plaintiff prays that the Court award all appropriate pain, suffering, humiliation, and punitive damages as applicable under his respective causes of action where and as applicable to the named Defendant.

100. The Plaintiff prays that the Court award such other and further relief as this Court deems equitable and just.

Dated: September 10, 2021          Respectfully submitted,

DONHAM LAW

*By: /s/ Jeremy A. Donham, Esquire*
Jeremy Donham, Esquire
Attorney I.D. No. 206980
PO Box 487, Dellslow, WV 26531
717.881.7855 (ph) 888.370.5177 (fax)